[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS  K. KAHN
CLERK

No. 04-11469
Non-Argument Calendar

D. C. Docket No. 03-00206-CR-1-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW PATRICK JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(July 20, 2005)**

Before, EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Matthew Patrick Johnson appeals his sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. No reversible error has been shown; we affirm.

Johnson raises a single issue on appeal: whether the sentencing court committed reversible constitutional error under Blakely v. Washington, 124 S.Ct. 2531 (2004). Johnson argues that the sentencing judge impermissibly added two levels to his base offense level for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) based on a judicial finding of fact that the firearm -- whose possession Johnson admitted -- was connected to the drug offense. At sentencing, Johnson objected to the firearm enhancement based on his contention that the weapon was unconnected to the drugs; but Johnson raised no constitutional challenge to the enhancement at sentencing.[1] Because this Blakely -- now Booker v. United States, 125 S.Ct. 738 (2005) -- issue is raised for the first time on appeal, we review for plain error. See Booker, 124 S.Ct. at 769, United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, 2005 WL 483174 (U.S. June 20, 2005).

---

[1]Johnson pleaded guilty to one count of a five count indictment pursuant to a written plea agreement that contained a sentence appeal waiver. Because the government failed to raise the appeal waiver as a bar to Johnson's sentence enhancement challenge, we will not address the applicability of the appeal waiver. See United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Parties must submit all issues on appeal in their initial briefs.").

On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights". United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court has discretion to notice a forfeited error. An appellate court may remedy error that is plain and affects substantial rights only if "the error 'seriously affects[s] the fairness, integrity, or public reputation of judicial proceedings.'" Johnson v. United States, 177 S.Ct. 1544, 1549 (1997), quoting Olano, 113 S.Ct. at 1776.

Section 2D1.1(b)(1) imposes a two level increase in the base offense level of offenses involving drugs if a dangerous weapon is possessed. Under the commentary, the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1, comment. n.3. Johnson admitted at sentencing that the loaded gun found in a closet in the room used as a methamphetamine lab was his gun; Johnson argued that the firearm was unconnected to the drugs. The district court stated that Johnson failed to show that it was clearly improbable that the firearm was connected to the drug offense. Instead, the district court stated that it could not "imagine all the coincidents [sic] and circumstances" that would have to apply to show the "gun just happened to be in a room where a meth lab was located."

In Rodriguez, we recognized that an enhancement imposed under a mandatory guidelines system based on facts found by the judge that went beyond those admitted by the defendant or found by the jury constituted Booker error. Rodriguez, 398 F.3d at 1298-99. And, because of Booker, we concluded that such error is now plain. To the extent that Johnson challenges judicial fact finding[2] that went beyond his admissions, the first two requirements for plain error relief would be satisfied.[3]

Johnson fails, however, to satisfy the third requirement: that the error "affected substantial rights." As we explained in Rodriguez, the Booker error is not the use of extra-verdict enhancements; it is "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Id. at 1301. To show the prejudice required for plain error relief, a claimant must show a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." Id.

---

[2]Johnson challenges only the district court's conclusion that the firearm was connected to the drug offense. While we will accept that this determination is a factual finding that can constitute Booker error, arguably at issue only is the application of the guidelines to the admitted fact of possession.

[3]In United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005), it was also concluded that "Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." And such statutory Booker error exists "even in the absence of a Sixth Amendment enhancement violation." Id. at 1330-31.

4

Johnson has not met his burden of showing that a <u>Booker</u> error in his case affected the outcome of his sentencing.  See <u>id</u>. at 1301, 1306.  Johnson proffers nothing to show that a reasonable probability exists that the sentencing judge would have imposed a more lenient sentence had the guidelines been applied in an advisory and non-binding fashion.  See <u>id</u>. at 1301.

AFFIRMED.